IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

PLAINTIFF

V.                                                    Case No. 1:07-cv-00994 CKK

PROPERTY IDENTIFIED
BY THE ADDRESS OF
11103 KNIGHTS CIRCLE
GERMANTOWN, MARYLAND 20876

DEFENDANT

RECEIVED
JUL - 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CLAIMS OF ELIZABETH AND AUBREY SCOTT, JR.

COMES NOW the current owners and persons of interest, ELIZABETH AND AUBREY SCOTT, JR, and via undersigned counsel, respond to the Complaint for Forfeiture In Rem and pursuant to the Notice of Forfeiture Action, do hereby assert the following claim:

1. FACTS

The Claimants are the current owners of the property in question, as joint tenants. As such, they have a financial interest in the outcome of this proceeding. The property was purchased on or about November 30, 1998 for $229,000.00 in part with borrowed funds totaling $217,500.00 from lender Wells Fargo. The monies currently owed approximate only $5,000.00 and upon information, knowledge and belief, the property is currently worth about $600,000.00. This information includes the sale of adjacent property for slightly more monies but, which contains a brick facade.

The Plaintiff is alleging that monies amounting to only $163,458.37, *at most arguendo,* were paid from a Wachovia account seized by the Plaintiff and into the mortgage account with

1

Wells Fargo. This amount is far less than either the original purchase price and the current appreciated price. Thus, the balance of the mortgage, as well as the down payment, did not come from the Wachovia account(s) in question. Furthermore, the monies transferred from the Wachovia Account were in the name of a business allegedly controlled by Aubrey Scott, Jr. and there is no allegation or basis therefore that his wife and co claimant, Elizabeth Scott, played any role in obtaining or transferring those funds.

II.. SUBSTANCE OF THE CLAIM

    A,. The foregoing facts are incorporated herein. Based upon these facts, they each claim an equal and inseparable interest in the whole of the property.

    B. The Claimants are asserting an interest in the property to the full extent that both its value and/or any proceeds from its sale exceed the accounting of monies placed towards its mortgage that are considered wrongfully obtained.

    C. 18 USC 981 affords the Plaintiff the right to recover from the sale of an asset that monies that have been wrongfully obtained and allegedly laundered through it.

    D. The Plaintiffs do not have the right to seize, sell and/or recover any value from the property that exceeds the amount of its claim, which must be based upon the amount of funds allegedly put toward the value of the property subject to forfeiture.

WHEREFORE, the Claimants assert a joint interest in the property and its proceeds to the extent that any proceeds exceed the amount of the funds claimed in the Complaint as being wrongfully obtained and applied to the mortgage held on the property in question.

LAW OFFICES OF CHARLES F. CHESTER

By: _____
Charles Frederick Chester 17445
51 Monroe Place, Suite 707
Rockville, Maryland 20850
Counsel to CLAIMANTS
(301) 294-2500

Certificate of Service

I hereby certify that a copy of the foregoing claim was sent via first class mail, postage prepaid to:
Barry Weigand, AUSA, 555 4th Street, N.W.
Washington, DC 20530

_____
Charles F. Chester