IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL 3 2007
NANCY MAYER WHITTINGTON, CLR
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

PLAINTIFF

V.   Case No. 1:07-cv-00994 CKK

PROPERTY IDENTIFIED
BY THE ADDRESS OF
11103 KNIGHTS CIRCLE
GERMANTOWN, MARYLAND 20876

DEFENDANT

### ANSWERS OF CLAIMANTS ELIZABETH AND AUBREY SCOTT, JR.

COMES NOW the current owners and persons of interest, ELIZABETH AND AUBREY SCOTT, JR, and via undersigned counsel, respond as current Claimants to the Complaint for Forfeiture In Rem and pursuant to the Notice of Forfeiture Action as follows:

1. Claimants admit the nature of the dispute and jurisdiction of the Court in paragraphs one and two.

2. Claimants admit that Aubrey Scott was one of two purchasers of the property on November 30, 1998, as alleged in paragraph number three.

3. Claimants have insufficient information to admit or deny the allegations in paragraphs 4 - 16 as to what various records in the possession of the Plaintiff do or do not show upon their production, review and/or inspection by various agents.

4. Claimants deny the allegations contained in Count I.

5. Claimants deny the allegations contained in Count II.

1

- DEFENSES -

6. **Absence of Funds Traceable to Violations of 18 USC 1341**:

The Plaintiff is alleging that monies amounting to only $163,458.37, *at most arguendo*, were paid from a Wachovia account seized by the Plaintiff and into the mortgage account with Wells Fargo. This amount is far less than either the original purchase price and the current appreciated price. Thus, the balance of the mortgage, as well as the down payment, did not come from the Wachovia account(s) in question. Furthermore, the monies transferred from the Wachovia Account were in the name of a business allegedly controlled by Aubrey Scott, Jr. and there is no allegation or basis therefore that his wife and co claimant, Elizabeth Scott, played any role in obtaining or transferring those funds.

7. **Distribution of Excess Funds:**

18 USC 981 affords the Plaintiff the right to recover from the sale of an asset that monies that have been wrongfully obtained and allegedly laundered through it. The Plaintiff does not have the right to seize, sell and/or recover any value from the property that exceeds the amount of its claim, which must be based upon the amount of funds allegedly put toward the value of the property subject to forfeiture.

WHEREFORE, the Claimants assert a joint interest in the property and its proceeds to the extent that any proceeds exceed the amount of the funds claimed in the Complaint as being wrongfully obtained and applied to the mortgage held on the property in question. To this extent, the Complaint should be denied and not granted.

LAW OFFICES OF CHARLES F. CHESTER

By: _____
Charles Frederick Chester 17445
51 Monroe Place, Suite 707
Rockville, Maryland 20850
Counsel to CLAIMANTS
(301) 294-2500

Certificate of Service

I hereby certify that a copy of the foregoing claim was sent via first class mail this ___ day of July, 2007, postage prepaid to:
Barry Weigand, AUSA, 555 4th Street, N.W.
Washington, DC 20530

_____
Charles F. Chester