UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0994 (CKK) |
| | ) | |
| PROPERTY IDENTIFIED | ) | |
| BY THE ADDRESS OF | ) | |
| 11103 KNIGHTS COURT, etc. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| ELIZABETH SCOTT & | ) | |
| AUBREY SCOTT, JR. | ) | |
| | ) | |
| Claimants. | ) | |
| _____ | ) | |

CONSENT MOTION FOR ORDER ACCEPTING STIPULATION OF SETTLEMENT
AND FINAL ORDER OF FORFEITURE

*COMES NOW*, plaintiff United States, by and through its attorney, the United States

Attorney for the District of Columbia, to ask this Honorable Court to accept the attached Stipulation

of Settlement and to issue the proposed Order Of Acceptance Of Settlement And Final Order Of

Forfeiture. Through counsel, claimants consent to this motion. As grounds wherefore, plaintiff

respectfully submits as follows:

1. This is a civil forfeiture action brought *in rem* on May 31, 2007, against the defendant

real property, which is claimants's home. Other than plaintiff and claimants, there are no other

parties, and it is too late for anybody else to enter this case. Related to this civil action is a

companion criminal case, United States v. Aubrey Randolph Scott, Cr. No. 07-0244 (CKK). On

October 2, 2007, defendant Scott pled guilty to the crime of committing mail fraud in violation of

18 U.S.C. § 1341. The criminal information charging this crime included a forfeiture allegation for

a money judgment in the amount of $1,231,108, a number of pieces of personalty, such as cars, cash,

and jewelry, and a piece of real property. That real property is the defendant property in this companion civil forfeiture case. At the time of defendant Scott's guilty plea, he made a written plea agreement with the government, which is part of the record in the criminal case.

2.    In the context of defendant Scott's guilty plea, the parties to this civil action reached a settlement of this matter, which was reduced to a written Stipulation of Settlement. That Stipulation of Settlement was executed in October 2007 by both claimants, that is, defendant Scott and his wife Mrs. Elizabeth Scott, their counsel in this action, Mr. Charles F. Chester, Esq., and authorized representatives of the plaintiff United States.

3.    At the time of execution of the Stipulation of Settlement and defendant Scott's guilty plea on October 2, 2007, the parties did not file the Stipulation of Settlement with the Court. That was because it then was still legally possible for someone to become a party to this civil action, as the government was engaged in the process of giving notice by publication. Since then, the time within which a person could properly enter this action has expired. Therefore, the parties can advise the Court that its endorsement of this Stipulation of Settlement and issuance of an Order Of Acceptance Of Settlement And Final Order Of Forfeiture should result in this case's dismissal.[1]

---

[1]  On May 31, 2007, plaintiff commenced this civil forfeiture action *in rem* against the defendant, which is real property including a land and improvements, which are residential. On July 2, 2007, Elizabeth and Aubrey Scott, Jr., filed claims to enter this case to oppose forfeiture. The United States published notice of the defendant real property's seizure and this forfeiture action in The Washington Times on September 21 & 22, and October 5, 2007, and complied fully with applicable local, federal, and supplemental rules of procedure for giving public notice of this action.

The Court's docket reflects that no other person filed a claim, and the time for doing so has expired, so no other person properly may enter this case or become a party to it. See Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Other than the U.S. Government plaintiff and the defendant real property, the Scott claimants are the only parties. Thus, this Stipulation of Settlement and entry of the Final Order of Forfeiture, which the parties request, will resolve all issues that the parties contest and dispose of this action entirely.

3.      Therefore, the Stipulation of Settlement should be filed in this case. Consistent with that Stipulation of Settlement, the parties also ask the Court to issue the proposed Order Of Acceptance Of Settlement And Final Order Of Forfeiture. Counsel for claimants, Mr. Chester, kindly has authorized undersigned counsel to state that claimants do not object to this.

**WHEREFORE**, with claimants's consent, plaintiff respectfully prays that this Honorable Court grant this motion, accept the Stipulation of Settlement, and issue the Order Of Acceptance Of Settlement And Final Order Of Forfeiture.

Respectfully submitted,


 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


 /s/ William R. Cowden
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney


 /s/ Barry Wiegand
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov

-3-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of January 2008, I learned that claimants's counsel, Mr. Charles F. Chester, Esq., whose address is: 51 Monroe Place, Suite 707, Rockville, Maryland, 20850, (301) 294-2500, had consented to the filing of this motion, and that I caused service of the motion and proposed order to be made upon Mr. Chester by the Court's ECF system.

 _/s/ Barry Wiegand_____
BARRY WIEGAND

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Act. No. 07-0994 (CKK)** |
| | ) | |
| **PROPERTY IDENTIFIED** | ) | |
| **BY THE ADDRESS OF** | ) | |
| **11103 KNIGHTS COURT** | ) | |
| **GERMANTOWN, MARYLAND 20876,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ——————————————————— | ) | |
| | ) | |
| **ELIZABETH SCOTT &** | ) | |
| **AUBREY SCOTT, JR.** | ) | |
| | ) | |
| **Claimants.** | ) | |
| ——————————————————— | ) | |

### STIPULATION OF SETTLEMENT

Plaintiff, the United States of America, by its attorney, the United States Attorney of the District of Columbia, and claimants Elizabeth Scott and Aubrey Scott, Jr. (hereafter "claimants" collectively, and "Elizabeth Burgos-Scott" individually), by and through their counsel, Mr. Charles F. Chester, Esq., hereby notify the Court that the stated parties have assented to terms of a settlement agreement that will dispose of the property subjected to forfeiture and contested by claimants in this civil action, that is, 11103 Knights Court, Germantown, MD 20876, further described as:

> **property located on lot numbered Thirteen (13) in Block lettered "E" in the subdivision known as "KINGS SQUARE" as per plat in Plat Book 153 at Plat No. 17381, among the land records of Montgomery County, Maryland**

(hereinafter, "the defendant property").

The terms of the agreement reached between the parties (hereinafter, "this agreement") are

-1-

as follows:

    1.      The parties to this agreement agree to disposition of the defendant property as follows:

    A.      Claimants consent to the forfeiture of the defendant property to the United States; to this end, claimants agree to withdraw their claims to the defendant property and to withdraw their answers to the complaint for forfeiture *in rem*.

    B.      Claimants and the United States agree that, in return for claimants's consent to the forfeiture of the defendant property, and claimants's agreement to withdraw their claims and answers in the instant case, the United States, upon perfecting its title to the defendant property, will sell the defendant property and will divide the net proceeds from the post-forfeiture sale of the defendant property as follows: the first $500,000 of net proceeds will be divided 75% to the United States and 25% to claimant Elizabeth Burgos-Scott; and any net proceeds in excess of $500,000 will be divided 55% to the United States and 45% to claimant Elizabeth Burgos-Scott. Payments to claimant Elizabeth Burgos-Scott will be made by one check made payable to the "Charles F. Chester Escrow Account."

    C.      Claimants agree that in the event that the United States successfully forfeits and sells the defendant property, the government will first deduct its costs and expenses from the sale proceeds, which will include amounts incurred or necessary to payoff all pre-existing valid liens and mortgages, unpaid taxes, real estate agents' fees, and other costs incurred by the United States or its agents to prepare the defendant property for sale or to pass clean and unencumbered title to a prospective purchaser.

    2.      Claimants agree that neither of them, nor any person or party related to either of them, may seek to purchase the defendant property from the United States. Before issuance of a final order of forfeiture, claimants agree that they shall satisfy all mortgage and tax obligations that pertain to the defendant property and that pertain to their ownership of the defendant property up to the time of its forfeiture. Within 30 days of the Court's issuance of a final order of forfeiture, the Claimants shall vacate the defendant property, removing only their personal property, and leaving the defendant property in broom-clean condition.

    3.      Claimants further agree to waive forever any present or future right to bring any suit against the United States and any of its agencies, officers, employees, and agents for any cause of

action related to this federal forfeiture action against the defendant property, or to the underlying facts of this case.

4.      The Parties agree that each shall bear its own court costs, legal expenses, and attorney's fees incurred in relation to this litigation and related to the facts underlying it, and that neither party shall take any action or make any claim for fees, costs, or payments on account of fees owed to counsel.

5.      Each of the parties to this agreement has participated in the drafting and negotiation of this Agreement.  For all purposes, this agreement shall be deemed to have been drafted jointly by all parties hereto.

6.      Each of the parties to this agreement has carefully read this agreement and, after consultation with their respective legal counsel, as applicable, all parties to this agreement fully understand this agreement and sign it as a voluntary act.

7.      The persons signing this agreement represent and warrant by their signatures that they have authority to sign this agreement on behalf of the individuals or entities for whom they are purporting to sign.

8.      It is contemplated that this agreement may be executed in several counterparts, with separate signature pages for the United States, for claimants, and their counsel.  This agreement may be executed on facsimile copies and in counterparts, each of which shall be provided to counsel for the United States.  Facsimiles of signatures, should they be provided to the United States, shall constitute acceptable, binding signatures for purposes of this agreement.  Upon its receipt of executed counterpart signature pages, the United States may treat the executed counterparts as one merged document that the United States may execute, and may then file, along with a consistent proposed order, electronically with the Court.

9.      No term or provision of this agreement may be varied, changed, modified, waived, or terminated, except by an instrument in writing signed by the party against whom the enforcement of such alteration is sought.

10.     This agreement shall be governed and construed by the laws of the District of Columbia.

* * *

WHEREFORE, as set forth in the ten (10) enumerated paragraphs above, the parties to this agreement stipulate that this civil forfeiture action should be resolved as set forth herein.  To effect this settlement and to record the Court's approval, the Parties ask this Court to enter the attached proposed order.

WE ASK FOR THIS:

**Civil Action No. 07-0994 (CKK)**
**STIPULATION OF SETTLEMENT APPROVED AND AGREED TO:**

**For Plaintiff:**

 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

 /s/ William R. Cowden
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney

 /s/ Barry Wiegand
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov

-4-

**Civil Action No. 07-0994 (CKK)**
**STIPULATION OF SETTLEMENT APPROVED AND AGREED TO:**

    **For claimants:**

        */s/ Aubrey Scott, Jr.*
        AUBREY SCOTT, JR.


        */s/ Elizabeth Scott*
        ELIZABETH SCOTT


        */s/ Charles F. Chester*
        CHARLES F. CHESTER
        51 Monroe Place, Suite 707
        Rockville, MD 20850
        (301) 294-2500
        Counsel for claimants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civ. Act. No. 07-0994 (CKK) |
| | ) | |
| PROPERTY IDENTIFIED | ) | |
| BY THE ADDRESS OF | ) | |
| 11103 KNIGHTS COURT | ) | |
| GERMANTOWN, MARYLAND 20876, | ) | |
| | ) | |
| **Defendant.** | ) | |
| ———————————————————— | ) | |
| | ) | |
| ELIZABETH SCOTT & | ) | |
| AUBREY SCOTT, JR. | ) | |
| | ) | |
| **Claimants.** | ) | |
| ———————————————————— | ) | |

ORDER OF ACCEPTANCE OF SETTLEMENT
AND FINAL ORDER OF FORFEITURE

Plaintiff, the United States of America, by its attorney, the United States Attorney of the District of Columbia, and claimants Elizabeth Scott and Aubrey Scott, Jr. (hereafter "claimants" collectively, and "Elizabeth Burgos-Scott" individually), by and through their counsel, Mr. Charles F. Chester, Esq., have notified the Court that the parties have agreed to settle this civil action. Through a Stipulation of Settlement filed with the Court, which the Court hereby approves, the parties have assented to the terms of an agreement that will dispose of the defendant property in this civil forfeiture action, that is, 11103 Knights Court, Germantown, MD 20876, further described as:

> **property located on lot numbered Thirteen (13) in Block lettered "E" in the subdivision known as "KINGS SQUARE" as per plat in Plat Book 153 at Plat No. 17381, among the land records of Montgomery County, Maryland**

(hereinafter, "the defendant property").

-1-

The record in this case reflects that notice of the forfeiture of the defendant property sought through this civil forfeiture action was published in <u>The Washington Times</u> on September 21, 2007, September 28, 2007, and October 5, 2007, complying fully with applicable local rules of this Court and the Federal Rules of Civil Procedure, in particular Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Claimants, who are the titled owners of the defendant property, which is their residence, were the only persons who filed a claim in this case. Therefore, this Court's acceptance of the Stipulation of Settlement and issuance of this ORDER OF ACCEPTANCE OF SETTLEMENT AND FINAL ORDER OF FORFEITURE resolves all controverted issues in this case.

The terms and conditions of the Stipulation of Settlement are as follows:

1.     The parties to this agreement agree to disposition of the defendant property as follows:

     A.     Claimants consent to the forfeiture of the defendant property to the United States; to this end, claimants agree to withdraw their claims to the defendant property and to withdraw their answers to the complaint for forfeiture *in rem*.

     B.     Claimants and the United States agree that, in return for claimants's consent to the forfeiture of the defendant property, and claimants's agreement to withdraw their claims and answers in the instant case, the United States, upon perfecting its title to the defendant property, will sell the defendant property and will divide the net proceeds from the post-forfeiture sale of the defendant property as follows: the first $500,000 of net proceeds will be divided 75% to the United States and 25% to claimant Elizabeth Burgos-Scott; and any net proceeds in excess of $500,000 will be divided 55% to the United States and 45% to claimant Elizabeth Burgos-Scott. Payments to claimant Elizabeth Burgos-Scott will be made by one check made payable to the "Charles F. Chester Escrow Account."

     C.     Claimants agree that in the event that the United States successfully forfeits and sells the defendant property, the government will first deduct its costs and expenses from the sale proceeds, which will include amounts incurred or necessary to payoff all pre-existing valid liens and mortgages, unpaid taxes, real estate agents' fees, and other costs incurred by the United States or its agents to prepare the defendant property for sale or to pass clean and unencumbered title to a prospective purchaser.

-2-

2.      Claimants agree that neither of them, nor any person or party related to either of them, may seek to purchase the defendant property from the United States.  Before issuance of a final order of forfeiture, claimants agree that they shall satisfy all mortgage and tax obligations that pertain to the defendant property and that pertain to their ownership of the defendant property up to the time of its forfeiture.  Within 30 days of the Court's issuance of a final order of forfeiture, the Claimants shall vacate the defendant property, removing only their personal property, and leaving the defendant property in broom-clean condition.

3.      Claimants further agree to waive forever any present or future right to bring any suit against the United States and any of its agencies, officers, employees, and agents for any cause of action related to this federal forfeiture action against the defendant property, or to the underlying facts of this case.

4.      The Parties agree that each shall bear its own court costs, legal expenses, and attorney's fees incurred in relation to this litigation and related to the facts underlying it, and that neither party shall take any action or make any claim for fees, costs, or payments on account of fees owed to counsel.

*NOW THEREFORE*, in consideration of the entire record in this case and the consent and agreement between the United States and claimant, and in final resolution of all remaining contested issues as to right, title, and interest to the defendant property, it is hereby

*ORDERED, ADJUDGED AND DECREED*, that  the Stipulation of Settlement is accepted and approved, and that the defendant property, 11103 Knights Court, Germantown, MD 20876, (further described as: **property located on lot numbered Thirteen (13) in Block lettered "E" in the subdivision known as "KINGS SQUARE" as per plat in Plat Book 153 at Plat No. 17381, among the land records of Montgomery County, Maryland**), is hereby adjudged and decreed

-3-

forfeit to plaintiff United States to be disposed of in accordance with law, the terms set forth in this order, and the Stipulation of Settlement; and it is

      *FURTHER ORDERED*, that the United States, upon perfecting its title to the defendant property, will sell the defendant property and will divide the net proceeds from the post-forfeiture sale of the defendant property as follows:  the first $500,000 of net proceeds will be divided 75% to the United States and 25% to claimant Elizabeth Burgos-Scott; and any net proceeds in excess of $500,000 will be divided 55% to the United States and 45% to claimant Elizabeth Burgos-Scott. Payments to claimant Elizabeth Burgos-Scott will be made by one check made payable to the "Charles F. Chester Escrow Account;" and it is

      *FURTHER ORDERED*, that in the event that the United States successfully forfeits and sells the defendant property, the government will first deduct its costs and expenses from the sale proceeds, which will include amounts incurred or necessary to payoff all pre-existing valid liens and mortgages, unpaid taxes, real estate agents' fees, and other costs incurred by the United States or its agents to prepare the defendant property for sale or to pass clean and unencumbered title to a prospective purchaser; and it is

      *FURTHER ORDERED*, that the above-captioned case is DISMISSED, except that the Court shall retain jurisdiction to enforce the provisions of the Stipulated Settlement.

      The Clerk is hereby directed to send a certified copy of this Order to all counsel of record, and to the United States Marshals Service.

      ENTERED on this _____ day of January 2008.


_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

-4-

Copies to:

United States Marshals Service, attn: Francine Tolliver

William R. Cowden and Barry Wiegand
Assistant United States Attorneys
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov
Charles F. Chester, Esq.
51 Monroe Place, Suite 707
Rockville, MD 20850
(301) 294-2500