UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                      )<br>              Plaintiff,                    )<br>                                                      )<br>       v.                                          )<br>                                                      )<br>PROPERTY IDENTIFIED            )<br>BY THE ADDRESS OF               )<br>11103 KNIGHTS COURT           )<br>GERMANTOWN, MARYLAND 20876,  )<br>                                                      )<br>              Defendant.                  )<br>_____)<br>                                                      )<br>ELIZABETH SCOTT &              )<br>AUBREY SCOTT, JR.                 )<br>                                                      )<br>              Claimants.                  )<br>_____) | Civ. Act. No. 07-0994 (CKK) |

ORDER OF ACCEPTANCE OF SETTLEMENT
AND FINAL ORDER OF FORFEITURE

Plaintiff, the United States of America, by its attorney, the United States Attorney of the District of Columbia, and claimants Elizabeth Scott and Aubrey Scott, Jr. (hereafter "claimants" collectively, and "Elizabeth Burgos-Scott" individually), by and through their counsel, Mr. Charles F. Chester, Esq., have notified the Court that the parties have agreed to settle this civil action. Through a Stipulation of Settlement filed with the Court, which the Court hereby approves, the parties have assented to the terms of an agreement that will dispose of the defendant property in this civil forfeiture action, that is, 11103 Knights Court, Germantown, MD 20876, further described as:

> **property located on lot numbered Thirteen (13) in Block lettered "E" in the subdivision known as "KINGS SQUARE" as per plat in Plat Book 153 at Plat No. 17381, among the land records of Montgomery County, Maryland**

(hereinafter, "the defendant property").

The record in this case reflects that notice of the forfeiture of the defendant property sought through this civil forfeiture action was published in The Washington Times on September 21, 2007, September 28, 2007, and October 5, 2007, complying fully with applicable local rules of this Court and the Federal Rules of Civil Procedure, in particular Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Claimants, who are the titled owners of the defendant property, which is their residence, were the only persons who filed a claim in this case. Therefore, this Court's acceptance of the Stipulation of Settlement and issuance of this ORDER OF ACCEPTANCE OF SETTLEMENT AND FINAL ORDER OF FORFEITURE resolves all controverted issues in this case.

The terms and conditions of the Stipulation of Settlement are as follows:

1. The parties to this agreement agree to disposition of the defendant property as follows:

   A. Claimants consent to the forfeiture of the defendant property to the United States; to this end, claimants agree to withdraw their claims to the defendant property and to withdraw their answers to the complaint for forfeiture *in rem*.

   B. Claimants and the United States agree that, in return for claimants's consent to the forfeiture of the defendant property, and claimants's agreement to withdraw their claims and answers in the instant case, the United States, upon perfecting its title to the defendant property, will sell the defendant property and will divide the net proceeds from the post-forfeiture sale of the defendant property as follows: the first $500,000 of net proceeds will be divided 75% to the United States and 25% to claimant Elizabeth Burgos-Scott; and any net proceeds in excess of $500,000 will be divided 55% to the United States and 45% to claimant Elizabeth Burgos-Scott. Payments to claimant Elizabeth Burgos-Scott will be made by one check made payable to the "Charles F. Chester Escrow Account."

   C. Claimants agree that in the event that the United States successfully forfeits and sells the defendant property, the government will first deduct its costs and expenses from the sale proceeds, which will include amounts incurred or necessary to payoff all pre-existing valid liens and mortgages, unpaid taxes, real estate agents' fees, and other costs incurred by the United States or its agents to prepare the defendant property for sale or to pass clean and unencumbered title to a prospective purchaser.

2. Claimants agree that neither of them, nor any person or party related to either of them, may seek to purchase the defendant property from the United States. Before issuance of a final order of forfeiture, claimants agree that they shall satisfy all mortgage and tax obligations that pertain to the defendant property and that pertain to their ownership of the defendant property up to the time of its forfeiture. Within 30 days of the Court's issuance of a final order of forfeiture, the Claimants shall vacate the defendant property, removing only their personal property, and leaving the defendant property in broom-clean condition.

3. Claimants further agree to waive forever any present or future right to bring any suit against the United States and any of its agencies, officers, employees, and agents for any cause of action related to this federal forfeiture action against the defendant property, or to the underlying facts of this case.

4. The Parties agree that each shall bear its own court costs, legal expenses, and attorney's fees incurred in relation to this litigation and related to the facts underlying it, and that neither party shall take any action or make any claim for fees, costs, or payments on account of fees owed to counsel.

***NOW THEREFORE***, in consideration of the entire record in this case and the consent and agreement between the United States and claimant, and in final resolution of all remaining contested issues as to right, title, and interest to the defendant property, it is hereby

***ORDERED, ADJUDGED AND DECREED***, that the Stipulation of Settlement is accepted and approved, and that the defendant property, 11103 Knights Court, Germantown, MD 20876, (further described as: **property located on lot numbered Thirteen (13) in Block lettered "E" in the subdivision known as "KINGS SQUARE" as per plat in Plat Book 153 at Plat No. 17381, among the land records of Montgomery County, Maryland**), is hereby adjudged and decreed

forfeit to plaintiff United States to be disposed of in accordance with law, the terms set forth in this order, and the Stipulation of Settlement; and it is

**FURTHER ORDERED**, that the United States, upon perfecting its title to the defendant property, will sell the defendant property and will divide the net proceeds from the post-forfeiture sale of the defendant property as follows: the first $500,000 of net proceeds will be divided 75% to the United States and 25% to claimant Elizabeth Burgos-Scott; and any net proceeds in excess of $500,000 will be divided 55% to the United States and 45% to claimant Elizabeth Burgos-Scott. Payments to claimant Elizabeth Burgos-Scott will be made by one check made payable to the "Charles F. Chester Escrow Account;" and it is

**FURTHER ORDERED**, that in the event that the United States successfully forfeits and sells the defendant property, the government will first deduct its costs and expenses from the sale proceeds, which will include amounts incurred or necessary to payoff all pre-existing valid liens and mortgages, unpaid taxes, real estate agents' fees, and other costs incurred by the United States or its agents to prepare the defendant property for sale or to pass clean and unencumbered title to a prospective purchaser; and it is

**FURTHER ORDERED**, that the above-captioned case is DISMISSED, except that the Court shall retain jurisdiction to enforce the provisions of the Stipulated Settlement.

The Clerk is hereby directed to send a certified copy of this Order to all counsel of record, and to the United States Marshals Service.

ENTERED on this 30th day of January 2008.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

Copies to:

United States Marshals Service, attn: Francine Tolliver

William R. Cowden and Barry Wiegand
Assistant United States Attorneys
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
<u>William.B.Wiegand@USDoJ.Gov</u>
Charles F. Chester, Esq.
51 Monroe Place, Suite 707
Rockville, MD 20850
(301) 294-2500